May it please the Court, my name is Laura Meight and I, together with Ms. Ashok, represent Mr. Joe Lewis. Looking at the kidnapping and the robbery as charged in this case, a double jeopardy violation exists because kidnapping does not contain an element that robbery does not also contain. In other words, the Washington courts have defined it on several occasions, including in Fletcher and Lewis, robbery requires a taking, albeit by force, while kidnapping requires an intentional abduction, the use of or threatened use of deadly force. So they each have an element that the other does not, even though in any given case the proof might overlap. Well, I'd like to talk about the kidnapping and whether there is an additional element in that charge. And looking at the Washington state court's decisions saying that there's a difference between the use and threatened use of force under kidnapping compared with first degree robbery, which also requires force and display, as charged in this case, display of a deadly weapon. The overlap there, when you look at how the state has defined in other cases threat, use or threat of force, under Washington law a threat can be implicit. And so displaying a weapon is at least threatening the use of deadly force. So while the words are not verbatim in those two statutes, their substantive meaning is the same. And in terms of stepping back at abduction and whether there's anything different about abduction, as it's defined under Washington statute, there's not. Abduction is very broadly defined. Does kidnapping require taking the property? It does not. And that's what I'm talking about. But they don't have to both require an element. As long as one of them is fully contained in the other, it's a double jeopardy violation. So certainly to prove robbery, you have to prove a taking. And I'm not saying you have to prove that for kidnapping. But because kidnapping, as soon as you prove robbery, as charged in this case, first degree robbery, you are also proving kidnapping as it's broadly defined in Washington state. So Washington has rejected that merger concept. To what extent does that bear on the issue before us, which is whether it was an unreasonable application of federal law? Right. I think what's happening with the Washington state decisions and why they're an unreasonable application of clearly established Supreme Court law is that the courts have made two mistakes. One is not looking at them as they're charged. In Lewis's case, not looking at it as a first degree robbery case. And second, that they're looking at whether there's a verbatim language rather than whether the offenses, the elements, are substantively the same. And once you step back and look at how abduct and the word restrain are defined under Washington law, they are so broad, you don't have to have movement of somebody to establish a kidnapping violation under Washington law. So as soon as you are displaying a weapon in connection with a robbery, you are restraining, you're restricting the movement of people, and that satisfies kidnapping under Washington law. And that's why it's a double jeopardy violation. So the state courts have failed to look at it as charged, and they also have failed to examine whether they're substantively the same as opposed to verbatim words. And this court has looked at that difference in, I think it was, Davenport, which was a child pornography case where the court was trying to determine whether possession and receipt were the same. And this court concluded that even though the interstate commerce provisions were not verbatim, they were substantively the same. And it's that same sort of application that applies here and establishes that as soon as you prove first degree robbery, you've also proven kidnapping. And just to give you some, there are a couple of sites about the full scope of restraint that aren't in the brief. In State v. Lansdowne, which is 46P3rd 836, a Washington Appellant Court case from 2002, a defendant's words. Have you given that citation to opposing counsel? I have not. I'm sorry. Immediately after this. I will. Yes. And give us written copies of that. Okay. I will do that immediately. A defendant's words in that case were sufficient to establish restraint under Washington law. So, again, comparing that to displaying a firearm, I think it satisfies that as well. There's another case that I will submit immediately after this that I mentioned, that there was Washington case law about the breadth of threat and that it can be implicit under Washington law. That case is State v. Bright, and I will immediately submit that since I referenced it earlier. If the Court has no additional questions. I would make this comment. The judge ran some sentences concurrently, so if it went back for resentencing, it could impose the same sentence by sentencing each of the robberies or each of the kidnappings. Is that correct? So it could come out the same way? It could. But under Ball v. United States, there's still a harm from the conviction, and that would be an issue for the sentencing court to resolve. That would exercise its discretion in which count to vacate, and it could make a difference whether it was the robbery or the kidnapping. I will save the remaining time for rebuttal. Surely. Thank you. Mr. Sampson. May it please the Court. I am John Sampson. I'm an assistant attorney general representing the respondent appellee. This case comes before this Court under the Anti-Terrorism and Effective Death Penalty Act, which requires this Court to give deference to the State court adjudication. And relief can only be granted if the State court adjudication was objectively unreasonable. Clear error is not sufficient. It has to be objectively unreasonable. And the Supreme Court and this Court have said that that standard is essentially if the evidence is too powerful, only if the evidence is too powerful to conclude anything but the conclusion reached by the State court would the decision be objectively unreasonable. And in this case, when you're dealing with the double jeopardy issue, the rules established by the Supreme Court are more general rules and not specific rules. And under Yarborough v. Alvarado, when you're dealing with the general rule, more leeway is given to the State court in the application of that rule to the specific facts. And, in fact, this Court in United States v. Alt, which is relied on by a petitioner in his briefing, Judge Reinhart pointed out that applying double jeopardy principles is very difficult in any particular case. And that's in the footnote one of that case. And he noted that even the U.S. Supreme Court has reversed itself just a few years after rendering one decision on double jeopardy, reversed itself and said, actually, we made a mistake. When you're dealing with a rule that's that general and that difficult to apply, the State court has to be given a great deal of benefit of the doubt in making its decision. And in this case, the State court said that its crimes of kidnapping and robbery do contain an element that each one does not contain. And the State court's determination of what are the elements of a state law crime are binding on this court. So when the State court says that kidnapping contains an element of use or threat of use of deadly force and robbery does not contain that element, that determination is binding on this court. How can that be? So they could make up the law. They could just say, well, they could. You look at the statutes. First-degree robbery elements say by use or threatened use of force, violence or fear of injury while displaying what appears to be a deadly weapon. So that would seem to be deadly force, threat of deadly force. And the kidnapping says restraining the victim's movements without consent by use or threatened use of deadly force. So the stated distinction that the court seized upon doesn't seem to be supported by the plain language and the precedent even of the Washington courts and the statute and the courts. I would respectfully disagree, Your Honor. There's nothing in the robbery statute that says deadly force. Well, okay, not deadly force. Well, it says by use or threatened use of force, violence or fear of injury while displaying what appears to be a deadly weapon. I mean, that's semantic goofiness. I mean, right? So we're bound by the Washington court saying that in this case as charged that we have to just look at that and say, well, there's no double jeopardy for purposes of applying the double jeopardy concept of Blockberger and other Supreme Court cases. In determining whether a double jeopardy violation has occurred, that is a federal issue that is reviewed by this court. But in determining what are the actual elements of a state law crime, that is a state law issue. And under Supreme Court precedent, the state court's determination of what are the actual elements of a particular crime is a matter of state law. So in the next case, if this were a published opinion by the Washington court, which maybe it was, I don't know. It was, Your Honor. Okay, it's published. So now in Washington, it's authoritative that to commit first-degree robbery, you do not have to exercise deadly force. That is correct, Your Honor. You only need to use force or threat of force or cause fear. And, in fact, it speaks in terms of what? While displaying what appears to be a deadly weapon. Well, to be convicted of first-degree robbery is either armed with a deadly weapon, so they're armed with it, not that they necessarily use it, or that they display what appears to be a deadly weapon, or that they actually inflict bodily injury. And it's true that in many cases there will be factual overlap between the two crimes. But the Supreme Court in this court has recognized that the fact that proof overlaps is not the issue. It's what are the elements of the crime. I understand that. But do you agree we look at this comparison on an as-charged basis? Your Honor, I'm not certain that that is in the holdings of the Supreme Court. I'm not certain that the Supreme Court has said you look at it in the manner that this court has said you looked at it in Alt. And, in fact, in Alt, the issue was, was a crime to commit a conspiracy. Do you look at any crime, or do you look at the specific crime they were alleged to have been conspiring to commit? And that's a slightly different issue than what we have here. But even if that is the rule, even if that were clearly established federal law, that you look at it at the specific charges in the indictment, the State Supreme Court did that in this case. They didn't compare kidnapping to commit any crime with any crime. They looked at kidnapping to facilitate the commission of robbery and compared that with the elements of robbery in the first degree. And I'm still puzzled because you say we have to defer to the Washington State Court, even though the plain language of the elements would seem to amount to threat of deadly force. There are two levels of deference, Your Honor. There's the level of deference applied to the state court's application of the federal law, and then there's the level of- I understand. I'm just trying to understand. Okay. So you're saying that even if the State Supreme Court blatantly mischaracterizes or misreads- not the Washington, any state court- Sure. blatantly misstates the elements in the offense of conviction under review, even though when looking at the statute, they say that's just dead wrong, we're stuck with it and we can't apply a double jeopardy analysis. If this court, looking at the statute, were to say- I'm not saying the court can't apply a double jeopardy analysis. What I'm saying is that in looking at what the elements of the crime are, this court must accept the state court's interpretation of the statute and that court's determination of what the elements of the crime were. So you're saying that under the Washington definition, as to robbery, deadly force is not required. That's correct, Your Honor. Deadly force is not required to commit a robbery in the first degree, neither the use nor threat. It's kind of surprising, and I think that most people would think it's surprising. That is what our State Supreme Court has said. It's like saying the sky is red, therefore it is so. When you're talking about fine points of the law, you often have that occur, and the state court's determination of what a particular element is in a state statute, that is determinative. So they have effectively said you can get first-degree robbery even if you don't display or carry a deadly weapon. Well, Your Honor, you could if you inflict bodily injury, but you could also get it- you can get first-degree robbery by being armed with a firearm during the commission of the robbery. And factually, it may overlap, and it may be- How is that different from threat use or threatened use of deadly force? The State Supreme Court has said that there are two different elements, and that the use- And how do you- have they explicated what the difference is? Your Honor, I'm not sure that they have other than what they said in this case in Lewis. But I understand your concerns, Your Honor. But the fact is that deference does have to be given to the state court in its application of the Federal principle to this case. And even if this Court were to say that the state court is clearly erroneous, it's still objectively reasonable. And finally, the- There's a little sticking point in my head. Is it objectively reasonable? If it's clearly erroneous, but it's objectively reasonable, that's hard to- I have trouble with that concept, too. It is, but, Your Honor, the Supreme Court has said, and this Court has recognized, it's a substantially higher standard that has to be met. How about blatant illogic? Okay. Yes, Your Honor. Oh, I see I'm out of time. We'd ask that the Court affirm. Thank you. Okay. Thank you. Ms. Mait. Thank you. Just a couple quick follow-up points. First, as to whether the Supreme Court has said that you look at these as charged, they have. In Whelan v. United States, which is cited in our brief, they make clear, the Supreme Court made clear that you look at the offense as it is charged. This Court recognized that in Arlt. They cited back to Whelan for that proposition. Second, I wanted to point out that in this case, as it was charged, Mr. Lewis was charged with displaying a deadly weapon, not armed, not bodily injury. As to whether displaying a weapon and using force is the same thing as threat of deadly force under kidnapping, I just thought it was worth pointing out that the prosecutor in closing said, when she was talking about the robbery charge, said there's no dispute that it was taken by force and with the threat of death and bodily injury. Finally, the last point I wanted to make is that the ---- And is there any, do you have any cases other than this case that addresses whether or not this case definition, apparently reading out deadly force, is actual Washington law? Well, in the Lewis decision, the Court cites two earlier cases. Those are the only ones I'm aware of. And so the last point I want to make is that the State court's identification of the elements does not foreclose review by the Federal courts of whether, as a matter of Federal constitutional law, there was a double jeopardy violation. That's what this Court said in Dixon v. Dupnick, and that's cited in our brief, and there's no reason to part from that in this case. May I ask the flip side of the last question, which is other than Fletcher and Vladovic or Vladovic and Lewis, are there cases that say the opposite? Not that I'm aware of. That's the universe, those three. As far as I know at this point. Okay. Thank you. Is there no further? You know, the Washington statute is very odd. I've had several kidnapping cases from other jurisdictions, and the issue is always have they moved them far enough? Well, and there are two prongs under the statute, and whether they've moved them far enough comes up under the first prong of that, which is the secreting. And State v. Green is the case that talks about that and whether someone has moved someone far enough. But under the prong at issue here, which is the second one, the threat of use of deadly force, there's no issue about how far someone's been moved. Thank you very much. Okay. Thank you. Thank you both. The matter just argued will be submitted and will mix to your argument in Mendoza.
judges: Fletcher, Rymer, Fisher